CHICAGO—FIRST DISTRICT—NOVEMBER, 1910.    35

The U. S. Fidelity & Guaranty Co. v. The People, 159 Ill. App. 35.

## The United States Fidelity & Guaranty Company, Appellant, v. The People of the State of Illinois, for use of Mary McDonnell, Appellee.

### Gen. No. 12,095.

1. EXECUTORS AND ADMINISTRATORS—*what does not discharge bond*. The discharge of an executor does not necessarily satisfy the condition of the bond; nor does the closing of the estate have that effect if the specific conditions of the bond have not been complied with.

2. SURETYSHIPS—*when release not effected*. A surety is not released from the obligations of a bond by virtue of involuntary acts of the party indemnified.

Action in debt. Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. · Opinion filed November 28, 1910.

DUPEE, JUDAH, WILLARD & WOLF, for appellant.

EDWY LOGAN REEVES and H. A. TIFFANY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Anthony P. McDonnell died testate, naming Edward H. Comer his executor and the usee in this suit, Mary McDonnell, one of his residuary legatees. The will was admitted to probate in the Probate Court of Cook county and letters testamentary thereunder granted to the executor nominated in the will, Edward H. Comer, and he gave the usual executor's bond for the faithful performance of the duties imposed upon him by the will as such executor, with the appellant as surety. On May 2, 1901, the Probate Court entered an order of distribution on an accounting made by Comer, the executor, and among others directed payment of a certain sum to be made to Mary McDonnell, a legatee, and at the same time conditionally discharged Comer from further duty as executor. Comer failed to make the payment to Mary McDonnell as ordered and a de-

mand having been made upon Comer and appellant by Mary McDonnell for payment and the same not having been made, this suit was brought upon the executor's bond against Comer, the principal, and appellant, the surety.

The cause was tried with a jury and the trial judge at the close of all the proofs directed a verdict for $3,611.05, as the amount of damages and, after overruling motions for a new trial and in arrest of judgment, a judgment was entered for $60,000 debt, the penalty of the bond, and $3,611.05 damages, debt to be discharged on payment of the damages, etc. Appellant prosecutes this appeal.

It is not disputed that if any recovery is justified, the amount assessed as damages is the amount due at the time the judgment was entered.

Several pleas were interposed. To the third additional plea a replication was filed, to which replication appellant demurred. This demurrer being overruled, appellant elected to abide by it and assigns and argues as error the court's action thereon. These are all the pleadings involved in this appeal, and under them appellant raises all the questions upon which it relies for a reversal.

The third additional plea sets up a creditor's bill proceeding against Mary McDonnell at the instance of one Frank Arnold, in which one Lawler was appointed receiver of the real and personal estate of Mary McDonnell and Comer as executor was ordered to turn over to the receiver moneys in his hands belonging to her and that all these orders were entered without any opposition from Mary McDonnell, but without the knowledge or consent of appellant. The replication to this third plea averred, *inter alia,* that the creditor's bill was not commenced until long after the order of distribution was entered, and that Comer had ample opportunity before the appointment of Lawler as receiver in which to have paid the amount due Mary McDonnell. It was further averred that Comer paid

to Lawler, receiver, out of Mary McDonnell's distributive share $665, leaving in his hands as still due her $3,701.05, and that thereafter an order was entered in the creditor's bill action dismissing the bill and discharging the receiver without prejudice, and that the judgment the foundation of the creditor's bill proceeding was satisfied of record.

The evidence of appellee, uncontradicted as it was, is ample to sustain the verdict. Appellant proffered evidence of a suit by Comer against Mary McDonnell and proof of its pendency on appeal in this court. It was excluded on the objection of appellee and it is not now urged that this ruling was erroneous.

One of the conditions of the bond in suit is that Comer as executor will "pay and deliver to the persons entitled thereto all the legacies and bequests contained in said will." This condition of the bond, so far as concerns Mary McDonnell, has not been complied with. It is undisputed that the amount of the judgment is still due her from Comer, the executor. But in defense it is said Comer is not executor; that he has been discharged and such discharge satisfies the bond so far as the same affects the surety, and, furthermore, that the order of the chancery court on Comer as executor to pay the money in his hands due Mary McDonnell to Lawler, the receiver, releases appellant, the surety, from further liability on the bond.

In the first place we are unable to perceive how the conditional discharge of Comer as executor satisfies the conditions of the bond. There is nothing in the bond relating to the discharge of the executor by the court appointing him constituting a fulfillment or performance of its conditions. The discharge of Comer as executor in no aspect of the case has any effect upon any of the rights of any of the parties to the bond. The condition is that Comer will pay the legacies and bequests in the will to the persons entitled thereto. The records of the Probate Court show that Comer was ordered to pay the amount due Mary McDonnell

under the will of his testator. When the order of discharge was entered there was no finding that the amount ordered paid had been paid, or any other finding in conflict with the order of distribution made on Comer's accounting that there was a sum certain due. Even the closing of the estate, without payment of the legacies and bequests, would not discharge the surety on the executor's bond.

With the argument of counsel for appellant upon the law and their citation of supporting authority, we find no reason to disagree. However, none of it is analogous on either fact or principle to the case in hand. Appellant is not being held beyond the express terms of its undertaking. There is no agreement between Comer and Mary McDonnell which in the slightest degree affects the liability of appellant. Certainly nothing has been done to enlarge such liability. Nor has any of the assets of the Anthony P. McDonnell estate escaped from the executor with the connivance or knowledge of Mary McDonnell. Neither has appellant by any action of Mary McDonnell been put in any different position or its liability in any manner changed from the condition of its undertaking. The order in the chancery case on Comer to pay the receiver money due Mary McDonnell it is not averred in the pleading was ever complied with, but on the contrary the proof supports the replication that $665 only was so paid, leaving still due the amount recovered. And the record shows without contradiction that without any further payment by Comer the chancery proceeding was dismissed, the receiver discharged and the judgment in faith of which the chancery jurisdiction was invoked was satisfied of record. We are unable to see how the liability of appellant was in any wise affected or increased by reason of any action had in the chancery cause, or to discover any grounds supporting the contention that its liability as surety has been discharged. The bond in suit was given for the protection, among others, of the legacy payable to Mary McDonnell. The

amount due her has not been paid, only $665 paid to Lawler, receiver, on account thereof. Whether this payment was made with the assent of Mary McDonnell and without the knowledge of appellant, is immaterial. The liability of appellant is reduced by the amount of that payment and no more. Nothing done or suffered to be done by Mary McDonnell has in any manner intervened to increase the liability of appellant as surety on Comer's bond. No direction by her concerning the disposition of any part of the testator's estate and no agreement of release as to any sum due her as legatee, saving the $665 paid Lawler, for which Comer has received credit, which inures to that extent in reduction of defendant's liability. The hostile suits against Mary McDonnell were not of her creation or procurement, neither did they adversely affect the liability of appellant as surety upon Comer's bond. Before appellant can be released of its obligation, without payment, Mary McDonnell must of her own volition do some act which, under the conditions of the bond, would operate to release appellant as surety thereon. This is not like the case of People for use of Sexton v. Seelye, 146 Ill. 189, where the minor after reaching his majority, before his guardian rendered his final account, entered into a secret agreement, unknown to Seelye, the surety on the guardian's bond, whereby the funds of the estate were withdrawn from the guardianship and invested in the private business of the ward and guardian and were lost. An attempt to charge the surety on the guardian's bond failed because the ward himself had consented, without the knowledge or assent of the surety, to the investment of his estate in a venture in which it was lost. The surety was thereby, through the action of the ward, released from his obligation on the bond. Nothing done by Mary McDonnell in this case can so operate, for all matters intervening in force of which appellant insists its liability has been brought to an end, were involuntary so far as concerns Mary McDonnell, hostile to her and contrary to her will.

Paraphrasing the opinion in Gillett v. Wiley, 126 Ill. 310, we think it is clear that Comer owed Mary Mc-Donnell a duty which could be discharged only by performance of the condition of the bond to pay her the amount of her distributive share of the estate of which he was executor, and that until that is done the bond is in force and appellant liable to respond as surety for the dereliction of its principal, Comer. This is the force and legal effect of its undertaking.

The judgment of the Circuit Court is affirmed.

*Affirmed.*